Paul GINSBURG, Appellant,

v.

Bonn Kraus GINSBURG and John Paul Ginsburg, Minors, by their Guardian Ad Litem, Betty K. Ginsburg, Appellees.

No. 19892.

United States Court of Appeals Ninth Circuit.

Oct. 15, 1965.

Rehearing Denied Nov. 9, 1965.

Paul Ginsburg, Pittsburgh, Pa., for appellant.

Philip A. Robbins, Moore, Romley, Kaplan, Robbins & Green, Phoenix, Ariz., for appellees.

Before CHAMBERS and KOELSCH, Circuit Judges, and THOMPSON, District Judge.

CHAMBERS, Circuit Judge:

The appeal is dismissed as legally frivolous.

Appellant was interpleaded in a district court case. Too late, he attempted an appeal, our number 16,768. It was here dismissed on May 9, 1960. Certiorari was denied by the Supreme Court, Ginsburg v. Ginsburg, 364 U.S. 934, 81 S.Ct. 381, 5 L.Ed.2d 366 (1961).

He then sought a hearing in the district court on what he claimed were the unadjudicated issues left after the original judgment. Also, he attempted to disqualify the district judge. In one order, the district judge refused to disqualify himself and declined to proceed on the "unadjudicated issues." From that order this appeal was taken.

We find the claimed "unadjudicated issues" to be a melange of points that defendant might have asserted here on appeal after the original judgment if the first appeal had been timely. For all of this, it is too late after the district court judgment became final.

We have carefully searched the record to see if there is any reason for the application of Rule 54(b) of the Rules of Civil Procedure and find there is not.

We decline to consider the matter of the district judge's disqualification (an issue made by appellant after having his case decided against him) when we find there was no merit to the motion for hearing on unadjudicated issues. (The trial judge died after ruling on appellant's motions.)

■ We reject appellees' application for attorney fees, although appellant is pushing the limit he can go without such fees being assessed. Another reason for rejecting the fees is that appellees have not been particularly helpful in the present phase of the case, apparently taking the view that we should just take judicial notice that appellant is a bother.

Appellant, representing others, is undoubtedly a highly competent and tenacious lawyer. Here, in representing himself, he proves a well-known axiom.