**PRODUCTION CREDIT ASSOCIATION OF MINOT, North Dakota, Plaintiff and Appellee,**

v.

**Erling O. SCHLAK and Judith E. Schlak, husband and wife, Defendants and Appellants.**

**PRODUCTION CREDIT ASSOCIATION OF MINOT, North Dakota, Plaintiff and Appellee,**

v.

**Karl R. SCHLAK and Corrine R. Schlak, husband and wife, Defendants and Appellants.**

**Civ. Nos. 11090, 11091.**

Supreme Court of North Dakota.

March 19, 1986.

Richard P. Olson, of Olson, Sturdevant & Burns, P.C., Minot, for plaintiff and appellee.

Gregory C. Larson, of Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for defendants and appellants.

VANDE WALLE, Justice.

Erling O. Schlak, Judith E. Schlak, Karl R. Schlak, and Corrine R. Schlak bring this consolidated appeal from the decision of the district court of Ward County denying their motions to stay execution on judgments previously entered in the two cases. The opposing party, Production Credit Association of Minot, North Dakota (PCA), moved to dismiss the appeal, arguing that the lower court's decision is a nonappealable order. The motion to dismiss the appeal is granted.

PCA received money judgments against the Schlaks on June 17, 1985, in relation to the failure of the Schlaks to repay certain farm loans. The district court issued executions on the judgments to the sheriff on July 5. The sheriff then levied upon the partnership interests owned by the Schlaks. A sheriff's sale was set for August 26. On Friday, August 23, the Schlaks moved to stay execution. The motions were hand-delivered to the court and mailed from Bismarck to opposing counsel, who practices at Minot. The lower court's attempt to contact opposing counsel was unsuccessful. In any event, the district court declined to stay the execution sale, stating in its letter of August 23 that it did not believe the confiscatory-price defense applied to executions [1] and that the other issues raised did not justify the granting of a stay. The court immediately communicated its decision to counsel for the Schlaks. The court's decision was appealed on October 16.

■ Section 28–27–02, N.D.C.C., provides, in part:

"7. An order made by the district court or judge thereof without notice is not appealable, but an order made by the district court after a hearing is had upon notice which vacates or refuses to set aside an order previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice."

The Schlaks argue that the mailing of the motions to counsel the day before the court entertained the motions constitutes notice. Although our rules allow, in certain circumstances, service of certain documents by the act of mailing, Rule 6(d) provides that "[a] written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than 5 days before the time specified for the hearing, . . ." The Schlaks did not comply with this rule. Nor did the Schlaks comply with Rule 3.2(a), Rules of Court, which requires the filing of all notices of a motion and supporting papers at least three days before the date of any hearing permitted. Because the motions did not include notices of hearing and did not provide the opposing party with sufficient notice, it is clear that the Schlaks did not provide proper notice and that the Schlaks intended the motions to be heard ex parte. The court made its decision without notice to the opposing party; the decision therefore is not appealable. See, e.g., *Stegmeier v. Gappert*, 190 N.W.2d 36 (N.D.1971).

■ The Schlaks also argue that subsection 7 of Section 28–27–02 should be disregarded because subsection 1 of that statute allows the appeal of an order "affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken; . . ." We believe that subsection 1 and subsection 7 of Section 28–27–02 may be reasonably construed together and without the proposed inconsistency: Subsection 7, requiring notice, prohibits *any* appeal of an order made without notice; where notice is given, the other subsections provide the conditions

---

1. *But see Lang v. Bank of North Dakota*, 377 N.W.2d 575 (N.D.1985); *Heidt v. State*, 372 N.W.2d 857 (N.D.1985); *Folmer v. State*, 346 N.W.2d 731 (N.D.1984).

upon which appeal may be taken. Any other conclusion would create an unnecessary inconsistency and defeat the purpose of subsection 7, which is to ensure that all matters appealed to the Supreme Court have received the benefits inherent in the adversarial process.

■ The Schlaks next argue that even though the order was made without notice, Section 28–27–02(7) should not apply where the result (i.e., denial of the motions) would not be changed by additional argument supporting the denial. Even if this argument had merit, we are not in the position to disregard the plain terms of Section 28–27–02(7). In addition, we consider the argument to be without merit. Despite an attorney's best intentions, the effect of an opposing argument is not always in the direction of the desired result. Arguments have been known to backfire, and points made at a hearing or during arguments occasionally will provoke questions and conclusions that direct a ruling contrary to the position asserted. This possibility serves as a partial justification of the requirement of notice to opposing counsel contained in subsection 7. Further justification is found in the realization that the adversarial process creates a marketplace of ideas which promotes thorough decision-making. The terms of Section 28–27–02 prohibit the appeal of an ex parte order and require an unsuccessful party to obtain a decision based on traditional adversarial methods, either on a motion to vacate the order or on a motion for reconsideration. See, e.g., *State v. Lynch*, 138 N.W.2d 785 (N.D.1965).

The order at issue was made without notice and is nonappealable under Section 28–27–02. The motion to dismiss the appeal therefore is granted.

ERICKSTAD, C.J., LEVINE and GIERKE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, participated in place of MESCHKE, J., disqualified.