In the Matter of the ESTATE OF Guy KJORVESTAD, Sr., Deceased.

In the Matter of the ESTATE OF Selma KJORVESTAD, Deceased.

FIRST TRUST COMPANY OF NORTH DAKOTA, Petitioner and Appellee,

v.

Eileen CONWAY, Respondent and Appellant.

Civ. Nos. 11173, 11174.

Supreme Court of North Dakota.

Oct. 28, 1986.

Pancratz, Yuill, Wold, Johnson & Feder, Fargo, for petitioner and appellee; argued by J. Philip Johnson.

Eileen Conway, Germantown, Tenn., for respondent and appellant; appeared pro se.

MESCHKE, Justice.

In *Matter of Estate of Kjorvestad*, 375 N.W.2d 160, 171 (N.D.1985), ["*Kjorvestad V*"] we deemed Eileen Conway's fifth appeal frivolous and directed "that First Trust be paid its reasonable compensation, attorney's fees and costs on [the] appeal, as determined and approved by the county court, from the remaining share of the estates distributed to Conway." Upon remand, the county court approved payment of $6,739.89 in compensation, attorney's fees and costs for that appeal. Conway has appealed again, making this "*Kjorvestad VI*." [1] We dismiss her appeal because the order was entered without notice and because Conway did not seek a hearing before appealing.

After remand of *Kjorvestad V*, counsel for First Trust simply mailed an affidavit and a proposed "Amended Order Upon Remand" to the County Judge and to Conway. The affidavit listed First Trust's compensation, attorney's fees and costs for that appeal. The Amended Order Upon Remand was the same as that affirmed on appeal, except that findings were added about the amount of compensation, attorney's fees and costs for the appeal and that amount was ordered paid from Conway's share of the estates.

Unfortunately, counsel for First Trust did not give notice of hearing to Conway under § 30.1–18–21. Without a hearing, the county court promptly entered the Amended Order Upon Remand on December 5, 1985. On December 10, 1985, counsel for First Trust notified Conway of entry of the Amended Order upon Remand, but did not give notice of taxation of costs under N.D.R.Civ.P. 54(e), as perhaps might have been done. *See City of Grand Forks v. Henderson*, 297 N.W.2d 450, 451 (N.D. 1980) ("Costs including attorney's fees as allowed by law are taxed as part of the judgment."). Conway appealed on February 1, 1986, arguing that she was deprived of a hearing on the reasonableness of the amounts of compensation and attorney's fees.

On our own initiative, we consider whether an appeal is authorized by statute. *Olson v. Job Service North Dakota*, 379 N.W.2d 285 (N.D.1985).

N.D.C.C., § 28–27–02, which describes the orders reviewable by this court, declares in subsection 7:

> "An order made by the district court or judge thereof without notice is not appealable, but an order made by the district court after a hearing is had upon notice which vacates or refuses to set aside an order previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice."

This precludes appeal of an order entered without notice or hearing "until such time as the judge who made the order has a chance to reconsider his decision in an adversary proceeding." *Beck v. Smith*, 296 N.W.2d 886, 888 (N.D.1980). *See also Production Credit Association of Minot v. Schlak*, 383 N.W.2d 826, 828 (N.D.1986). Because this Amended Order Upon Remand was entered without notice or hearing, it is not appealable and we dismiss the appeal.[2]

---

1. *See Conway v. Parker*, 250 N.W.2d 266 (N.D. 1977); *Matter of Estates of Kjorvestad*, 287 N.W.2d 465 (N.D.1980); *Matter of Estates of Kjorvestad*, 304 N.W.2d 83 (N.D.1981); *First Trust Company of North Dakota v. Conway*, 345 N.W.2d 838 (N.D.1984); and *Matter of Estate of Kjorvestad*, 375 N.W.2d 160 (N.D.1985).

2. First Trust earlier moved to dismiss this appeal on other grounds, which we denied. This issue was not raised at that time.

Conway may yet seek a hearing on the reasonableness of the amounts of compensation, attorney's fees and costs.[3] N.D. C.C., § 30.1–18–21 provides:

"After notice to all interested persons, or on petition of an interested person, or *on appropriate motion if administration is supervised,* the propriety of employment of any person by a personal representative including any attorney, auditor, investment adviser, or other specialized agent or assistant, *the reasonableness of the compensation of any person so employed, or the reasonableness of the compensation determined by the personal representative for his own services may be reviewed by the court.* Any person who has received excessive compensation from an estate for services rendered may be ordered to make appropriate refunds." (emphasis supplied.)

If Conway seeks a hearing, the only issue to be considered is the reasonableness of the amounts paid for that appeal. Conway cannot continue to reargue and relitigate cumulative amounts of compensation and attorney's fees for all of the prior proceedings, as she tried to do on this appeal. "[A]t some point, there [must] be an end to litigation so that the parties may go about their normal business." *Lang v. Bank of North Dakota,* 377 N.W.2d 575, 579 (N.D.1985).

We caution Conway that First Trust is entitled to additional reasonable compensation and fees for its participation in any further hearing which she obtains to consider the reasonableness of amounts charged to her, unless she convinces the county court that the amounts allowed were unreasonable. For example, *see Jones v. MacMillan Bloedel Containers, Inc.,* 685 F.2d 236 (8th Cir.1982). Conway cannot continue to impose her obsessions on others without consequence. To avoid perpetuation of this dilemma, we suggest that the county court make any award therefor at the hearing, when and if it is held.

We want to end this ordeal. If Conway seeks a further hearing and further appeals (unless she should prevail on that appeal), we will direct First Trust to submit its verified and itemized statement for such compensation, fees and costs to this court for our action under N.D.R.App.P. 27. While this is not our usual approach to awarding attorney's fees on appeal, *see Wolfe v. Wolfe,* 391 N.W.2d 617, 621 (N.D. 1986) (Levine, J., concurring specially), we view it as necessary to bring finality to this affair. *Compare In re Nordbrock,* 772 F.2d 397, 401 (8th Cir.1985)(prevailing party to submit verified and itemized bill for attorney's fees and expenses for Court of Appeal's review and approval within fifteen days).

First Trust seeks compensation and attorney's fees for this appeal from Conway under N.D.R.App.P. 38, but under the circumstances, we make no such award. *See Ginsburg v. Ginsburg,* 352 F.2d 337, 338 (9th Cir.1965).

This appeal is dismissed.

ERICKSTAD, C.J., PEDERSON, Surrogate Justice, and VANDE WALLE, and GIERKE, JJ., concur.

PEDERSON, Surrogate Justice, sitting in place of LEVINE, J., disqualified.

---

**3.** First Trust suggests that Conway failed to timely move pursuant to N.D.R.Civ.P. 52(b) that the county court amend its findings. Since it is plain that Conway can obtain a hearing under N.D.C.C., § 30.1–18–21 when she was not notified of court approval of the amounts of compensation and attorney's fees, Rule 52(b) is not applicable.