2011 ND 34

**Helen JOHNSON, Craig A. Johnson and Julia M. Johnson, Plaintiffs and Appellees**

v.

**Scott L. TALIAFERRO, Defendant and Appellant**

and

**All other persons unknown claiming any estate or interest in, or lien or encumbrance upon, the property described in the Complaint, Defendants.**

No. 20100314.

Supreme Court of North Dakota.

Feb. 8, 2011.

Jessica Lee Merchant (argued) and William Eric Bergman (on brief), Minot, ND, for plaintiffs and appellees.

Sara Elizabeth Ruliffson (argued) and Orlin W. Backes (appeared), Minot, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Scott L. Taliaferro appeals the district court's judgment quieting title to oil, gas and other minerals in Helen Johnson, Craig A. Johnson and Julia M. Johnson ("Johnsons"). We affirm.

I

[¶ 2] On January 14, 2010, Craig A. Johnson and Julia M. Johnson filed a complaint to quiet title to the mineral interest under Section 13: SW 1/4 and Section 24: N 1/2 in Bottineau County, North Dakota, and Helen Johnson filed a complaint to quiet title to the mineral interest under Section 13: SE 1/4 in Bottineau County, North Dakota. Taliaferro answered and counterclaimed to quiet title to the mineral interest under the disputed land in himself. Both parties moved for summary judgment.

[¶ 3] The parties agree the material facts are not in dispute. The Johnsons are the surface owners of the disputed land. Taliaferro has been the record owner to the oil, gas and other minerals under the disputed lands since June 26, 1950. A five-year Oil, Gas and Mineral Lease recorded on July 5, 1960, was Taliaferro's last use of the mineral interest.

[¶ 4] The lease identified Taliaferro's address as 510 Petroleum Building, Abilene, TX. Neither Taliaferro nor anyone on his behalf recorded a statement of claim for the mineral interest. On June 25, 2009, the Johnsons executed notices of lapse of mineral interest for the disputed land. The notices were published in the Bottineau Courant newspaper on July 7, 14 and 21, 2009.

[¶ 5] On July 30, 2009, the Johnsons mailed copies of the Notices of Lapse of Mineral Interest to Taliaferro at 510 Petroleum Building, 451 Pine St., Abilene, TX 79601–5150. The street address for the Petroleum Building was identified through an internet search, and the zip code was found using the United States Postal Service internet site. Taliaferro did not receive the notices. On September 11, 2009, the notices were recorded with the Bottineau County Recorder.

[¶ 6] The quiet title complaint was served on Taliaferro at his residential address in Abilene, TX. Taliaferro's residential address was obtained by Johnsons' counsel after searching the social security death index, the internet white pages website and the internet data base Zabasearch.

[¶ 7] The district court quieted title to the mineral interests in the Johnsons, finding they did not need to conduct a reasonable inquiry to find Taliaferro's current address stating, "[W]hen an address appears of record there is no requirement for reasonable inquiry when giving Notice of Lapse of Mineral Interest." Taliaferro timely appealed.

## II

[¶ 8] This Court has explained: "Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record."

*Hasper v. Center Mut. Ins. Co.*, 2006 ND 220, ¶ 5, 723 N.W.2d 409 (internal citations omitted).

[¶ 9] The question of how to interpret and apply chapter 38–18.1, N.D.C.C., is a question of law; therefore, the standard of review is de novo. *See Wheeler v. Gardner*, 2006 ND 24, ¶ 10, 708 N.W.2d 908 ("Interpretation of a statute is a question of law, fully reviewable on appeal.").

[¶ 10] Taliaferro argues section 38–18.1–06, N.D.C.C., requires a surface owner to conduct a reasonable inquiry to find a mineral owner's current address, even when an address appears of record. N.D.C.C. § 38–18.1–06 (2004). The Johnsons respond they were not required to conduct a reasonable inquiry because Taliaferro's address appeared of record.

[¶ 11] Chapter 38–18.1, N.D.C.C., provides the procedure for a surface owner to succeed to the ownership of an abandoned mineral interest under his land. N.D.C.C. § 38–18.1–02 (2004). We held in *Sorenson v. Felton*, 2011 ND 33, 793 N.W.2d 799 that section 38–18.1–06, N.D.C.C., requires reasonable inquiry only when the mineral owner's address does not appear of record. That holding controls our disposition of this issue, and we affirm the district court's judgment. *Id.*

## III

[¶ 12] Taliaferro asserts the district court erred by not requiring the Johnsons to comply with section 38–18.1–06.1, N.D.C.C., by proving, in the quiet title action, that they conducted a reasonable inquiry for his current address before mailing the notice of lapse. N.D.C.C. § 38–18.1–06 (Supp.2009). The Johnsons respond that ownership rights to the abandoned minerals vested in them before the 2009 amendments to chapter 38–18.1, N.D.C.C., were in effect and that the Legislature could not impose new require-

ments for their quiet title action to retroactively deprive them of rights that vested in 2009.

[¶ 13] The 2009 amendments to chapter 38–18.1 became effective August 1, 2009. N.D.C.C. ch. 38–18.1 (Supp.2009). The Johnsons published their notices of claim on July 7, 14 and 21, 2009 and mailed notices of lapse to Taliaferro's address of record on July 30, 2009. Taliaferro did not file a timely notice of claim, and his mineral interest was abandoned as of the date of first publication. *See* N.D.C.C. § 38–18.1–02 (2004). Therefore, as of July 7, 2009, under the law then in effect, "[t]itle to the abandoned mineral interest vests in the owner or owners of the surface estate in the land in or under which the mineral interest is located on the date of abandonment." *Id.*

[¶ 14] The pre–2009 version of chapter 38–18.1, N.D.C.C., was silent about procedures necessary for a quiet title action. N.D.C.C. ch. 38–18.1 (2004). The Johnsons filed a complaint to quiet title to the mineral interests on January 14, 2010, after the 2009 amendments went into effect. The 2009 amendments added section 38–18.1–06.1, providing procedures for surface owners to quiet title to lapsed minerals. N.D.C.C. § 38–18.1–06.1 (Supp. 2009). This new section imposes the burden of showing all the requirements of chapter 38–18.1 were complied with and showing a "reasonable inquiry" was conducted by the surface owner bringing a quiet title action. N.D.C.C. § 38–18.1–06.1(2) (Supp.2009). That subsection provides:

> "In an action brought under this section, the owner or owners of the surface estate shall submit evidence to the district court establishing that all procedures required by this chapter were properly completed *and that a reasonable inquiry as defined by subsection 6 of section 38–18.1–06 was conducted.* If

the district court finds that the surface owner has complied with all procedures of the chapter *and has conducted a reasonable inquiry,* the district court shall issue its findings of fact, conclusions of law, and enter judgment perfecting title to the mineral interest in the owner or owners of the surface estate."

*Id.* (emphasis added).

[¶ 15] This case presents a situation apparently not contemplated by the legislature: A severed mineral interest is abandoned under the pre–2009 law and a quiet title action is brought under the law in effect on August 1, 2009. Taliaferro urges us to use the 2009 amendment's proof requirements in section 38–18.1–06.1, N.D.C.C., to require a reasonable inquiry in this case. N.D.C.C. § 38–18.1–06.1 (Supp.2009). The Johnsons respond that the quiet title action proof requirements in section 38–18.1–06.1, N.D.C.C., cannot be used to deprive them of their vested right to the mineral interests. We agree with the Johnsons' argument and rationale.

[¶ 16] The Legislature has directed that the North Dakota Century Code cannot be retroactively applied unless specifically permitted. N.D.C.C. § 1–02–10 ("No part of this code is retroactive unless it is expressly declared to be so."); *see also White v. Altru Health Sys.,* 2008 ND 48, ¶ 12, 746 N.W.2d 173 ("[T]he legislative direction to make a statute retroactive must be clear."). Our law also recognizes that subsequent legislation cannot be used to deprive a person of a vested right. N.D.C.C. § 1–02–30 ("No provision contained in this code may be so construed as to impair any vested right or valid obligation existing when it takes effect."). *See also White,* at ¶ 12 ("The Legislature may give a statute retrospective operation as long as it does not affect substantive rights.").

[¶ 17] Section 38–18.1–02, N.D.C.C., provided both before and after the 2009

amendments that "[t]itle to the abandoned mineral interest vests in the owner or owners of the surface estate in the land in or under which the mineral interest is located on the date of abandonment." N.D.C.C. § 38–18.1–02 (2004 & Supp.2009). The quiet title requirements in N.D.C.C. § 38–18.1–06(2) cannot be used to deprive the Johnsons of an interest in the minerals that has already vested under N.D.C.C. § 38–18.1–02. N.D.C.C. §§ 38–18.1–06(2) (Supp.2009), 38–18.1–02 (2004). Therefore, the district court did not err by not requiring the Johnsons to prove in the quiet title action that they made a reasonable inquiry for Taliaferro's current mailing address before mailing the notice of lapse.

## IV

[¶ 18] We affirm the district court's judgment quieting title in the Johnsons.

[¶ 19] MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.

VANDE WALLE, Chief Justice, concurring specially.

[¶ 20] I concur in the result reached by the majority opinion. I write separately to highlight the issue outlined in ¶ 15 of the majority opinion, i.e., whether or not title to a severed mineral interest abandoned under N.D.C.C. § 38–18.1–06 and vested in the surface owner prior to 2009 can be quieted in an action brought by the surface owner after the effective date of the 2009 amendments to N.D.C.C. § 38–18.1–06(2) without conducting a reasonable inquiry as to the owner of the mineral interest. Our answer is that title can be quieted without conducting a reasonable search. But, I note our decision does not resolve the issue of whether or not, in light of the 2009 amendments to N.D.C.C. § 38–18.1–06.1(2), a quiet title action would lie or whether or not a severed mineral interest would even be considered abandoned under the provisions of N.D.C.C. § 38–18.1–06 if the procedures under § 38–18.1–06 were begun after the 2009 amendments to § 38.18.1–06.1(2) became effective and no reasonable inquiry was conducted. I believe this is an open question that invites further legislative clarification or awaits a judicial determination.

[¶ 21] GERALD W. VANDE WALLE, C.J.