McEvers, Justice.
 

 [¶ 1] Joshua Rose appeals a district court order denying his motion to reinstate his driver's license. Because the district court was without subject matter jurisdiction to review the Minot Regional Child Support Unit's decision to suspend Rose's license, we vacate the orders relating to his suspension.
 

 I
 

 [¶ 2] Under an April 2014 district court judgment, Rose was ordered to pay $836 per month in child support. In May 2016, the Minot Regional Child Support Unit notified Rose of its intent to suspend his
 driver's license, alleging he owed over $31,000 in past due child support. In June 2016, Rose requested a hearing to review the Unit's decision. After two hearings, the district court issued an order suspending Rose's license in February 2017.
 

 [¶ 3] In December 2017, Rose moved to reinstate his driver's license. He argued he was laid off in February 2016 and was unable to find a job because he did not have a license. He also argued the district court failed to inquire into his ability to pay child support at an earlier hearing relating to the suspension of his driver's license. The court denied Rose's motion to reinstate his driver's license. Rose now appeals that order.
 

 II
 

 [¶ 4] Before reaching the merits of Rose's appeal, we must first decide whether the district court had jurisdiction to review the Unit's decision to suspend Rose's license.
 

 [¶ 5] "The right to appeal is governed solely by statute."
 
 Meier v. N.D. Dep't of Human Servs.
 
 ,
 
 2012 ND 134
 
 , ¶ 4,
 
 818 N.W.2d 774
 
 . "[I]n order for a court to have subject matter jurisdiction over an appeal, the appellant must meet the statutory requirements for perfecting the appeal."
 
 Reliable, Inc. v. Stutsman Cty. Comm'n
 
 ,
 
 409 N.W.2d 632
 
 , 634 (N.D. 1987) ;
 
 see also
 

 Altru Specialty Servs., Inc. v. N.D. Dep't of Human Servs.
 
 ,
 
 2017 ND 270
 
 , ¶ 8,
 
 903 N.W.2d 721
 
 ("The statutory requirements for filing and serving a notice of appeal ... are jurisdictional."). Subject matter jurisdiction cannot be waived and can be raised sua sponte at any time in a proceeding.
 
 Garaas v. Cass Cty. Joint Water Res. Dist.
 
 ,
 
 2016 ND 148
 
 , ¶ 4,
 
 883 N.W.2d 436
 
 ;
 
 see also
 

 Dahlen v. Dahlen
 
 ,
 
 393 N.W.2d 765
 
 , 767 (N.D. 1986) ("[I]t is the duty of this court to raise jurisdictional issues on its own whenever such an issue appears on the record, even though the issue is not raised by the parties.").
 

 [¶ 6] Here, the Unit notified Rose of its intent to suspend his driver's license under N.D.C.C. § 50-09-08.6. Under N.D.C.C. § 50-09-08.6(2)(b), the child support agency may suspend a license of "[a]n obligor who is listed on the arrears registry." Before suspending an obligor's license, the state agency must notify the obligor:
 

 Before withholding, restricting, or suspending a license under subdivision a or b of subsection 2, the state agency shall send a notice to the licensee by first-class mail to the licensee's last-known address stating that the licensee has thirty days after the date of the notice to comply with the subpoena, satisfy the arrearage in full, or negotiate a payment plan with the state agency under this section. The notice must further state that the licensee may contest the action of the state agency by making a written request for a court hearing under subsection 5 within ten days of the date of the notice.
 

 N.D.C.C. § 50-09-08.6(3). The licensee has ten days from the date of the notice to request a court hearing.
 
 Id.; see also
 
 N.D.C.C. § 50-09-08.6(5). If a licensee requests a hearing, N.D.C.C. § 50-09-08.6(6) provides:
 

 In a contest under this section, the court must affirm the action of the state agency to withhold, restrict, or suspend a license unless it finds that the licensee's delinquency or failure to comply with a subpoena, or an existing payment plan was not willful. Upon a showing by the state agency that the licensee has failed to comply with a subpoena, is listed on the arrears registry, or is not in compliance with an existing payment plan between the licensee and the state agency under this section, the licensee has the
 burden of proving that the delinquency or failure to comply was not willful.
 

 [¶ 7] Section 50-09-08.6(5), N.D.C.C., operates in a similar fashion to N.D.C.C. § 28-32-42, relating to appeals from administrative agency decisions, and N.D.C.C. § 28-34-01, relating to appeals from local governing body decisions. Under those statutes, a party has an opportunity to appeal a decision of an administrative agency or local governing body to the district court. A party must timely appeal from the decision of an administrative agency or local governing body to vest the district court with subject matter jurisdiction over the appeal.
 
 Altru
 
 ,
 
 2017 ND 270
 
 , ¶ 8,
 
 903 N.W.2d 721
 
 ;
 
 Grand Forks Homes, Inc. v. State
 
 ,
 
 2011 ND 65
 
 , ¶ 20,
 
 795 N.W.2d 335
 
 .
 

 [¶ 8] A state agency's action to suspend a license "may not be appealed to the state agency or to the licensing authority, including an appeal under chapter 28-32." N.D.C.C. § 50-09-08.6(9). Thus, a licensee may only seek a district court review of a decision to suspend his or her license under N.D.C.C. § 50-09-08.6(5).
 

 [¶ 9] Here, the Unit sent Rose a notice of intent to suspend his driver's license on May 19, 2016. Rose requested a hearing on June 29, 2016, more than ten days after the date of the notice. To properly seek review under N.D.C.C. § 50-09-08.6(5), Rose had ten days after the date of the notice to request a hearing. By failing to timely request a hearing, the district court was without jurisdiction to review the Unit's decision to suspend Rose's license and should have dismissed his request. Therefore, we vacate the following orders relating to the suspension of Rose's license: (1) October 7, 2016 findings of fact and order; (2) November 16, 2016 order staying the October 7, 2016 order; (3) February 27, 2017 findings of fact and order; and (4) January 8, 2018 order denying Rose's motion to reinstate driver's license. We remand to the Unit with directions to "notify the appropriate licensing authority that the [Unit] has ... suspended [Rose's] license under this section." N.D.C.C. § 50-09-08.6(7).
 

 III
 

 [¶ 10] The orders denying Rose's motion to reinstate his driver's license are vacated.
 

 [¶ 11] Lisa Fair McEvers
 

 Daniel J. Crothers
 

 Jerod E. Tufte
 

 Jon J. Jensen
 

 Gerald W. VandeWalle, C.J.