# IN THE SUPREME COURT STATE OF NORTH DAKOTA

## 2019 ND 298

State of North Dakota,

Plaintiff and Appellee

and

Michelle A. Dworshak Rose,
n/k/a Michelle A. Alcaraz,

Plaintiff

v.

Joshua D. Rose,

Defendant and Appellant

## No. 20190176

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Richard L. Hagar, Judge.

REVERSED AND REMANDED.

Opinion of the Court by McEvers, Justice.

Sheila K. Keller, Bismarck, ND, for plaintiff and appellee; submitted on brief.

Joshua D. Rose, Minot, ND, defendant and appellant; submitted on brief.

**McEvers, Justice.**

[¶1]   Joshua Rose appeals from a district court order denying his request for a court hearing after the Child Support Division of the Department of Human Services ("State") suspended his drivers license for failure to comply with a child support payment plan.  We reverse and remand for the court to hold a hearing required by N.D.C.C. § 50-09-08.6.

I

[¶2]   After falling into arrears on his court-ordered child support obligation, the State suspended Rose's drivers license.  Rose requested a court hearing to challenge the suspension.  In *State v. Rose*, 2018 ND 195, ¶¶ 1, 9, 916 N.W.2d 779, we vacated a district court order denying his motion to reinstate his license because Rose's untimely request for a court hearing under N.D.C.C. § 50-09-08.6(5) divested the court of jurisdiction to rule on the matter.

[¶3]   In November 2018, Rose entered into a child support payment plan with the State which lifted his drivers license suspension.  The payment plan required Rose to make a $1,000 down payment and pay $836 per month for his current child support obligation and $167.20 per month for his arrears.  Rose stopped paying his child support obligation after December 31, 2018.  Following Rose's failure to comply with the payment plan, the State resuspended his drivers license.  Rose requested a hearing in the district court and asked to appear telephonically to contest the license suspension.  The court denied the motion on May 17, 2019, reasoning Rose "has failed to show any statutory, or procedural, basis for granting his requests."

II

[¶4]   Rose argues the district court erred in refusing to grant him a hearing. The State "acknowledges that a remand to the trial court is appropriate in this case for a hearing to be held."  We agree.

[¶5]   At the relevant time period, N.D.C.C. § 50-09-08.6, provided in part:

4.      Upon notice to the licensee, the state agency may withhold, restrict, or suspend a license under subdivision c of subsection 2 at any time if the licensee fails to comply with a payment plan negotiated under this section. A copy of the state agency's order to withhold, restrict, or suspend a license must be sent to the licensee by first-class mail to the licensee's last-known address. The order must state that the licensee may contest the action of the state agency by making a written request for a court hearing under subsection 5 within ten days of the date of the order.

5.      A request for a hearing under this section must be made to the court that issued or considered the child support order. If a child support order was issued by a court or administrative tribunal in another jurisdiction, the request may be made to any court of this state which has jurisdiction to enforce that order or, if no court of this state has jurisdiction to enforce that order, in any court of this state with jurisdiction over the licensee.

6.      In a contest under this section, the court must affirm the action of the state agency to withhold, restrict, or suspend a license unless it finds that the licensee's delinquency or failure to comply with a subpoena, or an existing payment plan was not willful. Upon a showing by the state agency that the licensee has failed to comply with a subpoena, is listed on the arrears registry, or is not in compliance with an existing payment plan between the licensee and the state agency under this section, the licensee has the burden of proving that the delinquency or failure to comply was not willful.

Effective July 1, 2019, N.D.C.C. § 50-09-08.6(6) was amended by the legislature to state: "In a contest under this section, the court shall affirm the action of the state agency to withhold, restrict, or suspend a license unless the court finds that the state agency's decision was arbitrary, unreasonable, or capricious." 2019 N.D. Sess. Laws ch. 127, § 7. "Statutes are generally not retroactive unless the legislature expressly declares so." *Lehman v. State*, 2014 ND 103, ¶ 11, 847 N.W.2d 119; *see also* N.D.C.C. § 1-02-10. The legislature did not declare the 2019 amendment to be retroactive.

[¶6]   Because the court proceedings began and the district court issued its order before the 2019 amendment became effective, the pre-2019 version of N.D.C.C. § 50-09-08.6(6) governs this case. *See, e.g., Larson v. Norheim,* 2013 ND 60, ¶ 10, 830 N.W.2d 85; *In re Pederson Trust,* 2008 ND 210, ¶ 16, 757 N.W.2d 740. Rose's written request for a hearing was timely under N.D.C.C. § 50-09-08.6(4). Therefore, Rose was entitled to a hearing under the statute. *See Rose,* 2018 ND 195, ¶¶ 6-9, 916 N.W.2d 779. Although Rose raised numerous issues in his request for a hearing, on remand the pre-2019 version of N.D.C.C. § 50-09-08.6(6) limits the district court to determining only whether Rose has proven that his failure to comply with the child support payment plan was not willful.

III

[¶7]   Because of our disposition of this case, it is unnecessary to address other arguments raised. We reverse the district court's order and remand for a hearing to determine whether Rose's noncompliance with the child support payment plan was willful.

[¶8]   Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen
Gerald W. VandeWalle C.J.

3