# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2024 ND 3

| | |
|---|---|
| Wilmot B. Yalartai, | Plaintiff and Appellant |
| v. | |
| Jamesetta K. Miller, | Respondent |
| and | |
| State of North Dakota | Statutory Real Party in Interest |

### No. 20230159

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Stephanie R. Hayden, Judge.

DISMISSED.

Opinion of the Court by Crothers, Justice.

Wilmot B. Yalartai, Cranston, RI, plaintiff and appellant.

**Crothers, Justice.**

[¶1] Wilmot Yalartai appeals from an order dismissing his case against Jamesetta Miller. The district court dismissed the case sua sponte without notice to the parties. The dismissal order is not appealable under N.D.C.C. § 28-27-02 because it was issued without notice. We consequently dismiss the appeal for lack of jurisdiction.

I

[¶2] Yalartai and Miller are married with minor children. Yalartai filed two cases against Miller. He requested parenting responsibility in one case and a divorce in the other. In the parenting responsibility case, Yalartai filed a "Notice of Hearing on Motion for Establishing Custody." A judicial referee held the hearing, where each party was self-represented. The referee explained the purpose of the hearing ordinarily would be for scheduling but, because issues concerning parenting responsibility could be resolved in the divorce case, "this case is going to be dismissed[.]" The referee entered a dismissal order on the same day.

[¶3] The order stated: "At the hearing, the Court advised the parties that because they have an open and pending divorce case in front of the Honorable Judge Irby—this matter will be dismissed." The record does not indicate Yalartai or Miller were served with the dismissal order as required by N.D. Sup. Ct. Admin. R. 13, § 10(b), which states a copy of a judicial referee's order "must be promptly served on the parties under N.D.R.Civ.P. 5."

[¶4] Yalartai appeals from the dismissal order. He argues Miller and her family have defamed him, violated his parental rights, and subverted his relationship with his children. Yalartai also appealed from an interlocutory order in the divorce case. That appeal was consolidated with the present appeal but later dismissed. *See* Sup. Ct. No. 20230160. At the time of oral argument, Yalartai also was subject to a temporary restraining order prohibiting him from having contact with Miller and the children. Yalartai referenced the

1

restraining order at argument, but it was entered in a different case, *see* 09-2023-CV-4017, and is not the subject of this appeal.

II

[¶5]   The right to appeal is governed by statute. *James Vault & Precast Co. v. B&B Hot Oil Serv., Inc.*, 2018 ND 63, ¶ 8, 908 N.W.2d 108. We lack jurisdiction over an appeal if the statutory requirements are not satisfied. *State v. Rose*, 2018 ND 195, ¶ 5, 916 N.W.2d 779. It is our duty to address a jurisdictional issue that appears on the record even when the issue is not raised by a party. *Id.*; *see also Dahlen v. Dahlen*, 393 N.W.2d 765, 767 (N.D. 1986) (stating "it is the duty of this court to raise jurisdictional issues on its own"). We must dismiss an appeal over which we lack jurisdiction. *James Vault & Precast Co.*, at ¶ 8.

[¶6]   Under N.D.C.C. § 28-27-02(7), orders issued without notice to the parties are not appealable:

> "An order made by the district court or judge thereof without notice is not appealable, but an order made by the district court after a hearing is had upon notice which vacates or refuses to set aside an order previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice."

Section 28-27-02(7), N.D.C.C., provides a clear directive for litigants to first seek relief in the district court from an order made without notice. An appeal of an order made without notice may not be taken "until such time as the judge who made the order has a chance to reconsider his decision in an adversary proceeding." *Estate of Kjorvestad*, 395 N.W.2d 162, 163 (N.D. 1986) (quoting *Beck v. Smith*, 296 N.W.2d 886, 888 (N.D. 1980)). Litigants must "obtain a decision based on traditional adversarial methods." *Prod. Credit Ass'n of Minot v. Schlak*, 383 N.W.2d 826, 828 (N.D. 1986). That decision typically is obtained by a motion to vacate the order. *Id.* (noting the order could be challenged by a motion to vacate or for reconsideration); *but see Zepeda v. Cool*, 2021 ND 146, ¶ 12, 963 N.W.2d 282 ("While North Dakota law does not formally recognize

2

motions to reconsider, motions for reconsideration may be treated as motions to alter or amend a judgment under N.D.R.Civ.P. 59(j), or motions for relief from a judgment under N.D.R.Civ.P. 60(b)."). Relief first must be sought in the district court so "the appellate court will have the benefit of an adversarial record upon which to determine whether or not the district court acted correctly." *Beck*, 296 N.W.2d at 888.

[¶7] Here, the judicial referee dismissed this case sua sponte. Although the referee held a brief hearing to inform the parties of the dismissal, nothing in the record indicates the referee gave the parties notice she intended to dismiss the case before announcing that result. At the hearing, the referee told Yalartai he could not make arguments concerning the case. Miller was not given an opportunity to speak. The court's dismissal announcement during the hearing is not "notice" as contemplated by N.D.C.C. § 28-27-02(7). No adversarial record exists for our review. Neither side had the opportunity to brief or argue whether dismissal was appropriate. Yalartai did not seek relief from the dismissal order as required by law. Therefore, the referee's December 6, 2022 dismissal order is not appealable.

## III

[¶8] The appeal is dismissed for lack of jurisdiction.

[¶9] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr