2007 ND APP 4

**Roland C. RIEMERS, Plaintiff and Appellant,**

v.

**STATE of North Dakota for the UNIVERSITY OF NORTH DAKOTA, Defendant and Appellee.**

**No. 20070063CA.**

Court of Appeals of North Dakota.

Aug. 22, 2007.

Rehearing Denied Oct. 2, 2007.

Review Denied Oct. 16, 2007.

Roland C. Riemers, Emerado, N.D., pro se.

Douglas A. Bahr, Solicitor General, Office of Attorney General, Bismarck, N.D., for defendant and appellee.

PER CURIAM.

[¶ 1] Roland Riemers appealed from a district court judgment dismissing his action for injunctive relief and nominal damages against the State of North Dakota for the University of North Dakota ("UND"). We affirm the dismissal under N.D.R.Civ.P. 12(b) of Riemers' claim seeking injunctive relief to require UND to allow him to audit law school classes. However, we reverse the dismissal of Riemers' claim seeking injunctive relief preventing UND from limiting free speech activities on university property, and we remand for further proceedings in accordance with this opinion.

I

[¶ 2] Riemers filed a complaint against UND, asserting two separate claims against the university: (1) UND "[k]nowingly and repeatedly has denied and/or hindered Riemers, under color of law, his right to free speech under the first amend-

ment of the American Constitution, and the right to speak and collect political signatures under the North Dakota Constitution Article 1, Sections 1, 4, 5 and 21 on University property"; and (2) "the University of North Dakota Law School, acting contrary to University policies and policies by the American Bar Association, [has] repeatedly denied Riemers and other interested members of the public the right to audit Law School classes."

[¶ 3] Riemers sought nominal damages and injunctive relief preventing UND from limiting free speech activities on university property and requiring UND to allow persons to audit law school classes. UND moved to dismiss Riemers' complaint under N.D.R.Civ.P. 12(b)(vi) for failure to state a claim for which relief can be granted. The district court granted UND's motion, and judgment was entered dismissing Riemers' complaint.

## II

[¶ 4] On appeal, Riemers asserts the district court erred in dismissing his lawsuit against UND under N.D.R.Civ.P. 12(b). The trial court's decision granting judgment on the pleadings is reviewed de novo. *Riverwood Commercial Park, L.L.C. v. Standard Oil Co., Inc.*, 2007 ND 36, ¶ 8, 729 N.W.2d 101. A trial court's decision granting judgment of dismissal for failure to state a claim upon which relief can be granted under N.D.R.Civ.P. 12(b)(vi), will be affirmed by an appellate court if it cannot discern a potential for proof to support the claim. *Id.* In reviewing the dismissal of a complaint under N.D.R.Civ.P. 12(b):

[W]e recognize that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. The court's inquiry is directed to whether or not the allegations constitute a statement of a claim under Rule 8(a), N.D.R.Civ.P., which sets forth the requirements for pleading a claim and calls for a short and plain statement of the claim showing that the pleader is entitled to relief. The complaint is to be construed in the light most favorable to the plaintiff, and the allegations of the complaint are taken as true. The motion for dismissal of the complaint should be granted only if it is disclosed with certainty the impossibility of proving a claim upon which relief can be granted.

*Tibert v. Minto Grain, LLC*, 2004 ND 133, ¶ 7, 682 N.W.2d 294 (quoting from *McCroskey v. Cass County*, 303 N.W.2d 330, 332 (N.D.1981)).

### A

[¶ 5] In dismissing Riemers' claim against UND for denying his right to free speech, the district court stated:

This accusation is not accompanied or supported by any factual contentions in the Complaint. Because Riemers failed to provide any facts in his Complaint to support the claim that his right to free speech has been denied or hindered, the Defendant's Motion to Dismiss the Complaint for failing to state a claim upon which relief may be issued must be granted.

However, Riemers filed an affidavit with the district court in support of his claim that the university denied his free speech rights. In the affidavit, Riemers stated in part:

During August I and several other petitioners gathered signatures outside the Memorial Union on UND, and had not sought any permission to do so. . . . But, at the end of August I received a phone call from a University official who reminded me I would have to renew our

permission authorization with the University if we were going to do more petitioning in September.... So I filled out the mandated application and about a week later was given a permission letter from Dr. Robert H. Boyd to collect signatures on campus.... [I]n the Memorial Union my petitioners were told they could not go up and talk to students, but instead must set up a sign and let people come to them. Later, when a[n] elderly petitioner was standing beside the Union door beside a sign, two people complained to the Union management that they felt "uncomfortable" about being asked to sign a measure they did not approve of, and shortly thereafter three large University employees were confronting and intimidating this very quiet and very small petitioner to the point she could not work the rest of the day....

During the time we have been petitioning on the university, our normal procedure is to ask passing people "Would you sign the Family Law Reform Initiative?" Occasionally some would ask questions, but most either signed or said no or just continued on their way. We have found though, that just setting [sic] quietly at a table without speaking up is mostly useless for petition gathering.

The district court, in dismissing Riemers' claim, neither excluded Riemers' affidavit nor made any reference to it.

■ [¶ 6] Rule 12(c), N.D.R.Civ.P., provides in part:

> If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

We conclude the district court erred in dismissing Riemers' free speech claim under N.D.R.Civ.P. 12(b) after Riemers had submitted an affidavit which was not expressly excluded by the court. We conclude N.D.R.Civ.P. 12(c) required the court, under these circumstances, to treat the motion as one for summary judgment. Before deciding whether to dismiss the free speech claim, the court must give the parties reasonable opportunity to present all material pertinent to decide the motion to dismiss under N.D.R.Civ.P. 56. We therefore reverse the court's dismissal of the free speech claim and remand for consideration of UND's request for dismissal as a motion for summary judgment under N.D.R.Civ.P. 56.

### B

[¶ 7] In dismissing Riemers' claim that UND denied him his right to audit law school classes, the district court stated:

> Riemer's Complaint alleges he was denied the "right" to audit law school classes because UND acted contrary to University and ABA policies. An examination of those policies establishes beyond doubt that Riemers cannot prove a set of facts in support of his claim that his "right" to audit law school classes was denied.

Riemers asserts the district court erred in dismissing this claim under N.D.R.Civ.P. 12(b) rather than deciding this issue as a summary judgment motion under Rule 56, because UND presented evidence outside the pleadings which was considered by the court. Riemers asserts that, when the court considered policy documents outside the pleadings, N.D.R.Civ.P. 12(c) required it to treat the matter as a summary judgment motion under N.D.R.Civ.P. 56.

[¶ 8] Under N.D.R.Civ.P. 12(c), when the court considers matters outside the pleadings in resolving a motion for judgment on the pleadings, the motion shall be treated as one for summary judgment and disposed of under N.D.R.Civ.P. 56. *Wishnatsky v. Huey*, 1997 ND 35, ¶ 12, 560 N.W.2d 878. However, federal courts have held that a trial court, in deciding a Rule 12 motion for judgment on the pleadings, may consider, in addition to the pleadings, materials embraced by the pleadings and materials that are part of the public record, without converting the motion to a summary judgment under Rule 56. *See, e.g., In re K-tel Int'l, Inc. Sec. Litig.*, 300 F.3d 881, 889 (8th Cir. 2002); *Carlson v. Arrowhead Concrete Works, Inc.*, 375 F.Supp.2d 835, 838 (D.Minn.2005). When a plaintiff chooses not to attach to the complaint, or incorporate by reference, a document upon which the plaintiff relies, and the document is integral to the complaint, the defendant may produce the document in support of a motion to dismiss on the pleadings. *Jakobe v. Rawlings Sporting Goods Co.*, 943 F.Supp. 1143, 1149 (E.D.Mo.1996); *Brogren v. Pohlad*, 933 F.Supp. 793, 798 (D.Minn.1995). In deciding a Rule 12 motion, the court can consider a document upon which the complaint is based, without treating the motion as a Rule 56 motion, because a plaintiff "ought not be permitted to defeat a motion to dismiss through the artifice of not attaching the critical document to the complaint." *Brogren*, 933 F.Supp. at 798. Although the North Dakota Supreme Court has not addressed this particular application of Rule 12, we believe the rationale expressed by the federal courts is valid and we choose to follow it in this case.

[¶ 9] In his complaint, Riemers asserted UND denied him the right to audit law school classes by acting contrary to university and American Bar Association ("ABA") policies. However, Riemers did not attach or incorporate by reference those policies. Subsequently, UND attached the policies as part of the materials submitted in support of its motion to dismiss the complaint on the pleadings under Rule 12. We conclude the policy documents are integral to the complaint and the district court properly considered them in deciding the motion. We further conclude the court did not err in failing to convert or treat UND's motion as a summary judgment motion under Rule 56.

[¶ 10] In reviewing the UND and ABA policies, we have found no provision which creates a legal right for non-students to attend or audit law school classes. Riemers has failed to show how these policies created a legal right in him to audit law school classes. Furthermore, Riemers has not cited other authority or demonstrated any other basis which gives him a legal right to audit law school classes at the university. We cannot discern a potential for proof to support Riemers' assertion that the university has denied his legal rights in refusing to allow him to audit law school classes. We, therefore, conclude the district court did not err in dismissing Riemers' right-to-audit claim under N.D.R.Civ.P. 12(b) for failure to state a claim for which relief can be granted.

### III

[¶ 11] We reverse the district court's dismissal of Riemers' free speech claim and remand for a redetermination of the motion to dismiss that claim, treating the motion as one for summary judgment under N.D.R.Civ.P. 56 and giving the parties all rights afforded thereunder. We affirm the dismissal of Riemers' right-to-audit claim under N.D.R.Civ.P. 12(b) for failure

to state a claim upon which relief can be granted.

[¶ 12]   The district court awarded attorney fees to UND on the ground that Riemers' claims were frivolous.   In view of our partial reversal and remand of this case for further consideration of Riemers' free speech claim, we reverse the award of attorney fees.   UND's request for attorney fees on appeal under N.D.R.App.P. 38 is denied.

[¶ 13] BENNY A. GRAFF, S.J., Chief Judge, WILLIAM F. HODNY, and RONALD E. GOODMAN, S.JJ., concur.