Filed 2/8/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 36

Michael Sorenson, Plaintiff and Appellant

v.

Ken Alinder; Ken Alinder, Personal Representative 

of the Estate of Russell Alinder; Ken Alinder,

Personal Representative of the Estate of Edna

Alinder; Sharon Dragland; and Robert Alinder, Defendants and Appellees

No. 20100254

Appeal from the District Court of Mountrail County, Northwest Judicial District, the Honorable William W. McLees, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Maring, Justice.

Robert Garold Hoy, P.O. Box 458, West Fargo, N.D. 58078-0458, for plaintiff and appellant.

Adam Michael Olschlager, P.O. Box 2529, Billings, Mont., 59103-2529, for defendants and appellees.

Sorenson v. Alinder

No. 20100254

Maring, Justice.

[¶1] Michael Sorenson appeals from a judgment quieting title to certain mineral interests in Ken Alinder, Robert Alinder, and Sharon Dragland, the children of Russell and Edna Alinder.  Because the district court erred in applying N.D.C.C. § 38-18.1-06, we reverse and remand for entry of an order quieting title to the mineral interests in Sorenson.

I

[¶2] Sorenson is the surface owner of certain real property located in Mountrail County.  In 2008, Sorenson sued to quiet title in the mineral interests.  Sorenson claimed the mineral interests of Russell and Edna Alinder had lapsed under N.D.C.C. ch. 38-18.1, which governs termination of abandoned mineral interests and permits a surface owner to reclaim the mineral interests after 20 years of non-use by the mineral owner.  Russell and Edna Alinder had acquired their mineral interest in the real property in a mineral deed recorded in November 1953.  Because more than 50 years had passed without the Alinders having used these minerals, Sorenson published notice of the lapse of the minerals in January 2007.  Sorenson also mailed the notice of lapse to Russell and Edna Alinder at their address of record in Buffalo, North Dakota, within ten days after the last publication.  Russell Alinder had died in 1980, and Edna Alinder had died in 1999.

[¶3] In May 2008, the Alinders’ children—Ken Alinder, Robert Alinder, and Sharon Dragland—filed statements of claim to the mineral interests.  Sorenson then brought this quiet title action to clear title to the mineral interests.  The Alinder children counterclaimed to quiet title to the minerals in their names.  After a bench trial, the district court concluded that Sorenson’s abandoned mineral interest claim failed because he failed to strictly comply with statutory requirements to claim ownership of the mineral interests.  The court held Sorenson had failed to conduct a “reasonable inquiry” to locate the addresses of the Alinders and their successors in interest before mailing a required statutory notice.

II

[¶4] The dispositive issue on appeal is whether the district court erred in requiring Sorenson to conduct a “reasonable inquiry” under N.D.C.C. § 38-18.1-06 (2004), when the address of the mineral interest owner was shown of record.  Sorenson argues the notice of lapse he mailed to the owners’ address of record satisfied the statutory requirement of N.D.C.C. § 38-18.1-06 (2004).

[¶5] “The interpretation and application of a statute is a question of law, which is fully reviewable on appeal.”  
Halvorson v. Starr
, 2010 ND 133, ¶ 4, 785 N.W.2d 248 (quotation omitted).  This case involves the proper construction and application of N.D.C.C. § 38-18.1-06 (2004), which describes the procedure for succeeding to the ownership of a lapsed mineral interest and includes language requiring notice of the lapse of the mineral interest by publication.  At the time relevant to this case, N.D.C.C. § 38-18.1-06(2) (2004), stated:

The publication provided for in subsection 1 must be made once each week for three weeks in the official county newspaper of the county in which the mineral interest is located; however, 
if the address of the mineral interest owner is shown of record or can be determined upon reasonable inquiry, notice must also be made by mailing a copy of the notice to the owner of the mineral interest within ten days after the last publication is made
.

(Emphasis added.)

[¶6] In 
Sorenson v. Felton
, 2011 ND 33, ¶¶ 13-14, we construed N.D.C.C. § 38-

18.1-06(2) and held this section requires a “reasonable inquiry” only when the mineral owner’s address does not appear of record.  
See also
 
Johnson v. Taliaferro
, 2011 ND 34, ¶ 11.  In this case, it is undisputed Sorenson timely mailed the notice of lapse to Russell and Edna Alinder at their address shown of record in Buffalo, North Dakota, within ten days after the last publication.  Based on this record, Sorenson complied with the mailing requirement of N.D.C.C. § 38-18.1-06(2), and the district court erred in requiring Sorenson to also conduct a “reasonable inquiry” to establish compliance with N.D.C.C. § 38-18.1-06.

[¶7] We therefore conclude the district court erred as a matter of law, and we reverse the court’s judgment.  Because of our disposition, we need not address the remaining issues raised by Sorenson on appeal.

III

[¶8] The district court judgment is reversed and remanded for entry of an order quieting title to the mineral interests in Sorenson.

[¶9] Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.