2017 ND 49

Ronnie L. NELSON, Plaintiff
and Appellant

v.

MCALESTER FUEL COMPANY,
Defendant and Appellee

and

All unknown heirs of McAlester Fuel
Company and all other persons un-
known claiming any Estate or Inter-
est in or Lien or Encumbrance upon
the property described in the com-
plaint, Defendants

No. 20160007

Supreme Court of North Dakota.

Filed 3/7/2017

Erin M. Conroy, 606 Main Street, P.O. Box 137, Bottineau, ND 58318, for plaintiff and appellant.

Zachary E. Pelham (argued) and Benjamin W. Keup (appeared), 314 East Thayer Avenue, P.O. Box 400, Bismarck, ND 58502–0400, for defendant and appellee McAlester Fuel Company.

Kapsner, Justice.

[¶ 1] Ronnie Nelson appeals from an order and subsequent judgment dismissing his action to quiet title with prejudice. We affirm, concluding N.D.C.C. § 38–18.1–06(2) (2004) requires a surface owner to mail notice of lapse to the most recent address of record.

I

[¶ 2] Ronnie Nelson ("Nelson") is the owner of a surface estate in Burke County who sought to use the mineral lapse statutes to obtain the mineral rights associated with the surface estate. Nelson published a notice of lapse of mineral interest against McAlester Fuel Company ("McAlester") for three consecutive weeks. The notice was published in the Burke County Tribune on January 31, February 7, and February 14 of 2007. Nelson mailed a notice of claim to P.O. Box 210 in Magnolia, Arkansas on February 15, 2007. On December 4,

2008, Nelson filed an action to quiet title on 108 mineral acres in Burke County, a notice of no personal claim, and a sheriff's return in district court. Before filing his action to quiet title, Nelson also mailed a notice of claim and attempted to personally serve McAlester. The address to which Nelson mailed notice of claim appeared on a mineral deed dated March 6, 1958. McAlester filed no statement of claim within 60 days after Nelson published the notice of lapse. Nelson's complaint alleged he had substantially complied with the statutory procedure for claiming abandoned minerals. The complaint alleged the mineral interests were abandoned, and the last use of the minerals by McAlester was evidenced by a 1968 oil and gas lease executed by McAlester. On January 15, 2009, Nelson filed a certified mail receipt stating the notice sent to P.O. Box 210 in Magnolia, Arkansas was undeliverable.

[¶ 3] Nelson moved for entry of default judgment against McAlester. Based upon what was provided to the district court and the fact McAlester did not file a statement of claim, the district court found McAlester had failed to use the mineral interests. The district court ordered Nelson was entitled to succeed in ownership to the mineral interests and entered a default judgment on February 3, 2009.

[¶ 4] On January 28, 2015, McAlester filed a motion to vacate default judgment with the district court. Along with a brief in support of its motion to vacate, McAlester filed several exhibits, including the 1958 mineral deed and an oil and gas lease for the subject mineral interest dated February 12, 1968. Notably, the 1968 oil and gas lease listed the address for McAlester as P.O. Box 10 in Magnolia, Arkansas. In its brief in support of motion to vacate, McAlester argued the district court should vacate the default judgment under N.D.R.Civ.P. 60(b)(4) and (6). Nelson filed a responsive brief, and McAlester filed a reply brief. Neither party requested a hearing on the motion to vacate the default judgment.

[¶ 5] The district court concluded the judgment against McAlester was void and entered an order vacating the judgment quieting title on July 1, 2015. In its order to vacate, the district court determined Nelson failed to comply with the notice requirements of the statutory procedure for claiming abandoned minerals. McAlester moved to dismiss Nelson's action to quiet title for failure to state a claim and judgment on the pleadings. Nelson filed a brief opposing the motion. Neither party requested a hearing on the motion. Ultimately, the district court granted McAlester's motion to dismiss Nelson's quiet title action. The district court entered judgment on November 9, 2015. Nelson filed a notice of appeal on January 8, 2016.

## II

### A

[¶ 6] Nelson argues the district court erred by finding Nelson failed to strictly comply with the notice requirements of the mineral lapse statute and asks this Court to reverse and remand in favor of Nelson. Specifically, Nelson argues the district court erred because it concluded the abandoned mineral statute "requires a surface owner to conduct a reasonable inquiry to find a mineral owner's current address, even when an address appears of record." This was not the basis for the district court's decision. The district court stated Nelson's mailing was not "reasonably certain" to reach McAlester. However, the district court then stated, "[a]llowing a claimant to pick any address from the record would encourage the claimant to always mail notice to the oldest address in the record in hopes that the address is stale, and that the notice would therefore

not reach the intended target." These statements appeared within a discussion of interpreting the statutory notice procedure.

[¶ 7] The district court's decision was based on a conclusion Nelson's actions failed to comply with the abandoned minerals statutory notice procedure because he did not mail notice to the most recent address of record, not because he failed to conduct a reasonable inquiry. As a result, the district court concluded title to the mineral interest never vested in Nelson. The district court concluded:

Nelson had no estate or interest in the minerals when he initiated his quiet title action. As a stranger to the separate parcel, the minerals, he has no estate or interest sufficient to maintain his quiet title action. The judgment of January 27, 2009, is therefore void and must be vacated.

[¶ 8] The district court had authority to vacate the default judgment under N.D.R.Civ.P. 60(b)(4). "Although the decision to vacate a judgment under Rule 60(b) is ordinarily left to the discretion of the trial court, the court has no discretion under [Rule 60(b)(4) ] if the judgment is void." Eggl v. Fleetguard, Inc., 1998 ND 166, ¶ 4, 583 N.W.2d 812. "If the judgment is valid, the motion to vacate must be denied; if the judgment is void, the court has no discretion to protect it and it must be vacated." Id. We have previously recognized the abandoned minerals statutory procedure is "wholly self-executing, and once the notice procedure under the statute is completed, title to the mineral interest vests in the surface owner as of the date of abandonment, without the necessity of a subsequent quiet title action." Peterson v. Jasmanka, 2014 ND 40, ¶ 12, 842 N.W.2d 920 (citing N.D.C.C. § 38–18.1–02; Johnson v. Taliaferro, 2011 ND 34, ¶¶ 15–17, 793 N.W.2d 804). Thus, if the surface owner complies with the statutory notice procedure, title vests in the surface owner; if not, title remains with the mineral interest owner. The district court concluded Nelson failed to comply with the statutory notice procedure, never obtained an interest in the subject mineral interest, and therefore had no interest sufficient to maintain a quiet title action under N.D.C.C. § 32–17–01.

[¶ 9] Considering an earlier statute that governed quiet title actions and had the same personal interest requirement as N.D.C.C. § 32–17–01, this Court stated:

If the defendant defaults and fails to appear or answer it is still incumbent upon the plaintiff to prove that he has such estate or interest in, or lien or encumbrance upon, the premises as is alleged in his complaint and if he fails to establish that he has any estate or interest in, or lien or encumbrance upon, the premises it is the duty of the trial court to hold that he has failed to establish a cause of action.

State v. Rosenquist, 78 N.D. 671, 705, 51 N.W.2d 767, 787 (1952). We recognized the continued significance of the principles underlying the requirement a plaintiff have an interest in property in order to bring a quiet title action in Kjolsrud v. MKB Mgmt. Corp., 2003 ND 144, ¶ 15, 669 N.W.2d 82, where we stated:

It is regarded as fundamental that no person may maintain an action respecting a subject matter, in respect of which he has no interest, right, or duty, either personal or fiduciary. One cannot rightfully invoke the jurisdiction of the court to enforce private rights or maintain a civil action for the enforcement of such rights unless he has in an individual or representative capacity some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy.

(quoting Rosenquist, 51 N.W.2d at 788–89 (internal citations omitted)). As a result, the district court had authority to vacate the default judgment as void if its legal conclusions regarding Nelson's failure to comply with the statutory notice procedure were correct. We have determined the district court did not err by concluding Nelson failed to comply with the statutory notice procedure as explained below.

## B

■ [¶ 10] "Chapter 38–18.1, N.D.C.C., provides the procedure for a surface owner to succeed to the ownership of an abandoned mineral interest under his land." Sorenson v. Felton, 2011 ND 33, ¶ 9, 793 N.W.2d 799. "Section 38–18.1–06, N.D.C.C., was amended effective August 1, 2007 and August 1, 2009." Felton, 2011 ND 33, ¶ 9, 793 N.W.2d 799. The abandonment proceedings in this case were initiated by Nelson before either amendment became effective. This Court has previously determined neither amendment was made retroactive. Id. Under the law applicable to this case, a mineral interest is "deemed to be abandoned, unless a statement of claim is recorded in accordance with section 38–18.1–04. Title to the abandoned mineral interest vests in the owner or owners of the surface estate in the land in or under which the mineral interest is located on the date of abandonment." Id. at ¶ 10 (quoting N.D.C.C. § 38–18.1–02 (2004)). Neither party disputes the mineral interest at issue was unused for more than twenty years within the meaning of N.D.C.C. § 38–18.1–02 (2004).

■ [¶ 11] The primary issue in this case revolves around the notice requirements of the statute. This Court has stated, "[t]he surface owner must comply with the notice provisions in section 38–18.1–06, N.D.C.C., to claim the abandoned minerals." Felton, 2011 ND 33, ¶ 11, 793 N.W.2d 799 (citing N.D.C.C. § 38–18.1–02 (2004)).

First, section 38–18.1–06(1), N.D.C.C., requires notice by publication. N.D.C.C. § 38–18.1–06(1) (2004). It is undisputed that Nelson complied with the publication requirements. Then, section 38–18.1–06(2) requires notice by mail "if the address of the mineral interest owner is shown of record or can be determined upon reasonable inquiry." N.D.C.C. § 38–18.1–06(2) (2004). Here, two addresses were shown of record. Nelson sent notice by mail to an address appearing on a 1958 mineral deed. The record indicates the other address of record appeared on a 1968 oil and gas lease. The dispositive issue in this case is whether Nelson's actions complied with the notice provisions of N.D.C.C. § 38–18.1–06(2) (2004). This is a question of statutory interpretation which we review de novo. Taliaferro, 2011 ND 34, ¶ 9, 793 N.W.2d 804.

■ [¶ 12] "Interpretation of a statute is a question of law, fully reviewable on appeal." Wheeler v. Gardner, 2006 ND 24, ¶ 10, 708 N.W.2d 908. "Our primary objective in construing a statute is to ascertain the intent of the Legislature by looking at the language of the statute itself and giving it its plain, ordinary, and commonly understood meaning." Olander Contracting Co. v. Gail Wachter Invs., 2002 ND 65, ¶ 43, 643 N.W.2d 29. We have also explained:

Although courts may resort to extrinsic aids to interpret a statute if it is ambiguous, we look first to the statutory language, and if the language is clear and unambiguous, the legislative intent is presumed clear from the face of the statute. In interpreting a statute, we presume the Legislature did not intend an absurd or ludicrous result or unjust consequences. Rather, statutes are to be construed in a practical manner. We give consideration to the context of the

statutes and the purposes for which they were enacted.

McDowell v. Gillie, 2001 ND 91, ¶ 11, 626 N.W.2d 666 (citations omitted).

[¶ 13] The 2004 version of N.D.C.C. § 38–18.1–06(2) applicable to this case provides, "if the address of the mineral interest owner is shown of record or can be determined upon reasonable inquiry, notice must also be made by mailing a copy of the notice to the owner of the mineral interest within ten days after the last publication is made." This Court has had occasion to interpret N.D.C.C. § 38–18.1–06(2) (2004). Our prior cases dealt with interpretation of the "reasonable inquiry" language of the statute. We determined a surface owner is required to conduct a "reasonable inquiry" only if the mineral owner's address does not appear of record. See, e.g., Taliaferro, 2011 ND 34, ¶ 11, 793 N.W.2d 804; Felton, 2011 ND 33, ¶ 14, 793 N.W.2d 799; Sorenson v. Alinder, 2011 ND 36, ¶ 6, 793 N.W.2d 797. This Court has also stated, "the address of record need not be the mineral interest owner's correct address for the mailing of the notice of lapse to satisfy the statutory requirement." Capps v. Weflen, 2014 ND 201, ¶ 10, 855 N.W.2d 637. Nelson argues in light of these cases, his failure to send notice of lapse to one of the two addresses of record does not mean he failed to comply with the statute. McAlester argues the district court properly concluded Nelson failed to comply with the statute because the words "the address" in the statute require notice to be sent to the last address of record.

[¶ 14] In Capps, the surface owner, under the 2004 version of N.D.C.C. § 38–18.1–06, sent notices of lapse to "the two last known addresses ... which appeared in the recorded 1975 deed ... and a recorded 1973 oil and gas lease[.]" 2014 ND 201, ¶ 3, 855 N.W.2d 637. We determined the surface owner complied with the stat-

ute and again rejected the argument the statute required a reasonable inquiry even if the notices were sent to addresses appearing of record. Id. at ¶ 13. We stated in Capps, "the address of record need not be the mineral interest owner's correct address for the mailing of the notice of lapse to satisfy the statutory requirement." Id. at ¶ 10. However, the surface owner in that case attempted mailing notice of lapse to the two last known addresses of record. Id. at ¶ 3. There, the parties disputed whether the surface owners had knowledge the individuals at the addresses of record were deceased. Id. at ¶ 10. We reaffirmed the statute's requirement to conduct a reasonable inquiry was only triggered when "the mineral owner's address does not appear of record." Id. Because the two addresses appeared of record, and the surface owner mailed notice of lapse to those two addresses, the statutory requirements of N.D.C.C. § 38–18.1–06(2) were met. Id. at ¶ 12.

[¶ 15] Capps is distinguishable from this case. There, the issue turned on whether sending notice to two addresses of record was sufficient under the statute without conducting a "reasonable inquiry." In Capps, there was a 1979 mineral deed which was not recorded until 2009. 2014 ND 201, ¶ 4, 855 N.W.2d 637. The surface owner in Capps mailed notices of lapse in 2006 to the two most recent addresses of record. Id. at ¶ 12. This Court stated, "the address of record need not be the mineral interest owner's correct address for the mailing of the notice of lapse to satisfy the statutory requirement." Id. at ¶ 10. This statement responded to the assertion the surface owners failed to comply with the statute by mailing notice to the two last known addresses of record without making additional inquiry. Id. This Court determined the district court "erred in ruling the [surface owners] needed to search for

heirs of a dead mineral interest owner whose addresses appeared of record to satisfy the requirements of N.D.C.C. § 38-18.1-06(2)." Id. at ¶ 12. What remains is the surface owners in Capps still sent notice to the two last known addresses of record. Id. at ¶ 3.

[¶ 16] In this case, the record reflects the existence of two different addresses of record. Nelson sent notice of lapse to the older record address appearing on the 1958 mineral deed. The record shows Nelson was aware of the more recent document containing the most recent address of record. Nelson stated in his complaint, "[McAlester] last used its mineral interests by an Oil and Gas Lease, dated 12 February, 1968 and recorded 23 October, 1968 in Book 100 of Misc., page 548, Burke County Recorder." Here, the issue is whether a surface owner seeking to claim abandoned mineral interests complies with the statute by mailing notice to a single address of record when a newer address of record is known to the surface owner. We cannot say Nelson complied with the statute by mailing notice of lapse to the older of the two addresses.

[¶ 17] "The abandoned mineral statutes do not require any judicial action before a mineral interest is deemed to have lapsed. Compliance with the statutory procedure is all that is required." Capps, 2014 ND 201, ¶ 22, 855 N.W.2d 637. Because of the nature of the abandoned mineral statutes, the surface owner must establish compliance with the statutory procedures in order to effect the reversion of the severed mineral interest to the surface owner. The language of N.D.C.C. § 38-18.1-06(2) (2004) provides, "if the address of the mineral interest owner is shown of record ... notice must also be made by mailing a copy of the notice to the owner of the mineral interest within ten days after the last publication is

made." The district court determined the legislature's use of "the" where the statute states, "the address of the mineral interest owner[,]" signifies notice must be mailed to the last address. The district court reasoned, "[t]he address of record, for purposes of satisfying ... the requirements of Chapter 38-18.1, [N.D.C.C.], can only have meaning if it is read to mean the last and most recent address of record." We agree.

[¶ 18] To broadly interpret the phrase "the address of the mineral interest owner ... shown of record" to mean any address shown of record would render meaningless the legislature's use of "the" before "address of the mineral interest owner." We have previously discussed the significance of the legislature's choice of article used in a statute:

"An" is an indefinite article, which is "equivalent to 'one' or 'any'"; but is "seldom used to denote plurality." Black's Law Dictionary 84 (6th ed. 1990). In contrast, "the" is "[a]n article which particularizes the subject spoken of. In construing [a] statute, definite article 'the' particularizes the subject which it precedes and is [a] word of limitation as opposed to indefinite or generalizing force [of] 'a' or 'an.'" Id. at 1477 (citing Brooks v. Zabka, 168 Colo. 265, 450 P.2d 653, 655 (1969) (en banc))[.]

Yellowbird v. N.D. Dep't of Transp., 2013 ND 131, ¶ 12, 833 N.W.2d 536. There may be multiple addresses of record attached to a mineral interest. Within this context, we must give the phrase "the address of record" its plain and ordinary meaning and ensure the phrase is "construed in a practical manner." Huber v. Oliver County, 1999 ND 220, ¶ 16, 602 N.W.2d 710. As a result, we interpret this phrase in the statute to indicate a surface owner must send notice to the most recent address of record in order to comply with N.D.C.C. § 38-

18.1–06(2) (2004). In this case, Nelson failed to do so. As a result, the district court properly concluded Nelson failed to satisfy the notice requirements of the statute, and therefore the mineral interest never vested in Nelson and remained with McAlester.

## III

[¶ 19] Nelson contends the district court erred by granting McAlester's motion to dismiss. Nelson argues the district court considered matters outside the pleadings and therefore should have given Nelson an opportunity to respond and present evidence to controvert McAlester's motion. At the district court, McAlester moved for dismissal of Nelson's complaint under N.D.R.Civ.P. 12(b)(6) and 12(c). Rule 12(d), N.D.R.Civ.P., provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

The district court did not explicitly state it was making its analysis under N.D.R.Civ.P. 56, but it noted there were no claims remaining in light of its order to vacate, which determined the mineral interest never vested in Nelson.

[¶ 20] Whether the district court made its determination under N.D.R.Civ.P. 12 or N.D.R.Civ.P. 56 affects the applicable standards and the scope of our review on appeal. Riverwood Commercial Park, LLC v. Standard Oil Co., 2007 ND 36, ¶ 7, 729 N.W.2d 101. This Court has recognized when a district court considers matters outside the pleadings in granting judgment on the pleadings under Rule 12(c), the motion must be treated as one for summary judgment under N.D.R.Civ.P. 56.

White v. T.P. Motel, LLC, 2015 ND 118, ¶¶ 16–17, 863 N.W.2d 915. We outlined the standards governing judgment on the pleadings under N.D.R.Civ.P. 12 in Kouba v. State, 2004 ND 186, ¶¶ 4–6, 687 N.W.2d 466:

> "A trial court's decision for granting judgment on the pleadings under Rule 12(c), N.D.R.Civ.P., is reviewed de novo." Tibert v. Minto Grain, 2004 ND 133, ¶ 6, 682 N.W.2d 294....
>
> When our Court reviews the dismissal of a complaint after a judgment on the pleadings under Rule 12(c), N.D.R.Civ. P.,
>
>> we recognize that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. The court's inquiry is directed to whether or not the allegations constitute a statement of a claim under Rule 8(a), N.D.R.Civ.P., which sets forth the requirements for pleading a claim and calls for a short and plain statement of the claim showing that the pleader is entitled to relief. The complaint is to be construed in the light most favorable to the plaintiff, and the allegations of the complaint are taken as true. The motion for dismissal of the complaint should be granted only if it is disclosed with certainty the impossibility of proving a claim upon which relief can be granted.
>
> Tibert, 2004 ND 133, ¶ 7, 682 N.W.2d 294 (citation omitted).

A trial court's decision granting judgment of dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(vi), N.D.R.Civ.P., will be affirmed by our Court if we cannot "discern a potential for proof to support it." Vandall v. Trinity Hospitals, 2004 ND 47, ¶ 5, 676 N.W.2d 88 (quoting

Towne v. Dinius, 1997 ND 125, ¶ 7, 565 N.W.2d 762).

[¶ 21] Summary judgment under N.D.R.Civ.P. 56 is appropriate "when there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law." Frith v. Park Dist. of the City of Fargo, 2016 ND 213, ¶ 5, 886 N.W.2d 836. "Evidence must be viewed in the light most favorable to the party opposing the motion for summary judgment." Podrygula v. Bray, 2014 ND 226, ¶ 10, 856 N.W.2d 791. "Whether summary judgment was properly granted is a question of law that is reviewed de novo on appeal." Frith, 2016 ND 213, ¶ 5, 886 N.W.2d 836.

[¶ 22] The Court of Appeals of North Dakota has noted, "federal courts have held that a trial court, in deciding a Rule 12 motion for judgment on the pleadings, may consider, in addition to the pleadings, materials embraced by the pleadings and materials that are part of the public record, without converting the motion to a summary judgment under Rule 56." Riemers v. State, 2007 ND APP 4, ¶ 8, 739 N.W.2d 248 (citing In re K-tel Int'l, Inc. Sec. Litig., 300 F.3d 881, 889 (8th Cir. 2002); Carlson v. Arrowhead Concrete Works, Inc., 375 F.Supp.2d 835, 838 (D.Minn.2005)). There, the Court explained this rationale, stating:

When a plaintiff chooses not to attach to the complaint, or incorporate by reference, a document upon which the plaintiff relies, and the document is integral to the complaint, the defendant may produce the document in support of a motion to dismiss on the pleadings. Jakobe v. Rawlings Sporting Goods Co., 943 F.Supp. 1143, 1149 (E.D.Mo.1996); Brogren v. Pohlad, 933 F.Supp. 793, 798 (D.Minn.1995). In deciding a Rule 12 motion, the court can consider a document upon which the complaint is based, without treating the motion as a Rule 56 motion, because a plaintiff "ought not be permitted to defeat a motion to dismiss through the artifice of not attaching the critical document to the complaint." Brogren, 933 F.Supp. at 798.

Riemers, 2007 ND APP 4, ¶ 8, 739 N.W.2d 248. Here, Nelson plead the 1968 oil and gas lease as the last use of the minerals within the text of his complaint. The district court could look to the text of the 1968 lease and see a different, more recent, address of record existed. From this, the district court could determine "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief[,]" without treating the motion to dismiss as one for summary judgment under N.D.R.Civ.P. 56. Kouba, 2004 ND 186, ¶ 5, 687 N.W.2d 466.

[¶ 23] Even reviewing the order of dismissal as one for summary judgment, the district court did not err by ordering dismissal with prejudice. Here, the only issue to be resolved was a question of law. Frith, 2016 ND 213, ¶ 5, 886 N.W.2d 836. Based on the record, we believe both parties were given a reasonable opportunity to present materials pertinent to the motion under Rule 56. Rule 56(c), N.D.R.Civ.P., provides, "An opposing party must have 30 days after service of a brief to serve and file an answer brief and supporting papers." Nelson filed a reply brief within seventeen calendar days of McAlester's motion to dismiss. In the reply brief, Nelson argued the district court should convert McAlester's motion to dismiss to one for summary judgment. However, Nelson neither filed any supporting papers, nor requested a hearing on the motion. Nelson's reply brief did not raise a dispute of material fact. In the reply brief, Nelson stated: "The only documents available to Nelson at the time of the initial quiet title

action were the original [1958] deed and the 1968 oil and gas lease." The 1968 oil and gas lease contained the newer address. Nelson also stated notice was not sent to the address appearing on the 1968 oil and gas lease.

[¶ 24] The district court's order of dismissal indicates the quiet title action was dismissed because its earlier order determined Nelson was a stranger to the mineral interest. The district court referenced its earlier order to vacate where it determined because of Nelson's failure to comply with Chapter 38–18.1, N.D.C.C., McAlester "remained the owner of those minerals." The district court summed up its order of dismissal by stating:

> The Court's earlier order determined ownership of the effective minerals. There are no further claims to be determined. The dismissal of the action is appropriate....
>
> The above action is <u>DISMISSED</u>, with prejudice but without cost to any party.

[¶ 25] The district court determined, as a matter of law, McAlester was, and continued to be, the owner of the minerals which were the subject of the quiet title action. Section 32–17–01, N.D.C.C., permits a plaintiff to bring a quiet title action only if he or she has "an estate or an interest in, or lien or encumbrance upon, real property[.]" In its earlier order to vacate, the district court determined Nelson did not have an interest in the subject mineral interests, and therefore had no interest sufficient to maintain a quiet title action. As a result, under either N.D.R.Civ.P. 12 or N.D.R.Civ.P. 56, the district court did not err by dismissing Nelson's claim against McAlester.

### IV

[¶ 26] We affirm the district court's order and subsequently entered judgment dismissing Nelson's action to quiet title with prejudice.

[¶ 27] Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Gerald W. VandeWalle, C.J.

I concur in the result.

Dale V. Sandstrom, S.J.

[¶ 28] The Honorable Jerod E. Tufte was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge Dale V. Sandstrom, sitting.