2017 ND 145

Ronald D. HUEBNER and Sherry M. Huebner, as Trustees of the Huebner Family Trust dated February 5, 1992, and Robert L. Wilkens, as Trustee of the Robert L. Wilkens Revocable Trust, Restated 1999, Plaintiffs and Appellants

v.

Elsie M. FURLINGER and Janet Hill; the unknown heirs, devisees and legatees of Elsie M. Furlinger and Janet Hill; and all other persons unknown claiming any estate or interest in or lien or encumbrance upon the property described in the Complaint, whether as heirs, devisees, legatees, or personal representatives of any of the above-named persons who may be deceased or under any other title or interest, Defendants and Appellees

No. 20160269

Supreme Court of North Dakota.

Filed 6/8/2017

Taylor D. Olson, Williston ND, for plaintiffs and appellants.

Ryan G. Quarne (argued) and Jessica L. Merchant (appeared), Williston ND, for defendants and appellees.

Crothers, Justice.

[¶ 1] Ronald and Sherry Huebner appeal a district court's findings of fact, conclusions of law and order for judgment and judgment denying their request to quiet title in certain Burke County mineral interests. The Huebners argue the district court erred in ruling they did not comply with the notice requirements in the abandoned mineral statutes, N.D.C.C. ch. 38–18.1. We affirm.

I

[¶ 2] The Huebners are the current surface owners of property in Burke County and successors-in-interest to Eugene Huebner and Harold Wilkens. In 2006 the Huebners took steps to claim unused mineral interests under the subject property through a notice of lapse of mineral interest.

[¶ 3] Ownership history shows that in 1955 Nanne Williams, also known as Nanne C. Nickey, conveyed the subject property in Burke County to Eugene Huebner and Harold Wilkens, reserving one-fourth of the mineral interest underlying the property. In 1975 Nanne C. Nickey died and her daughter Elsie M. Furlinger was later appointed personal representa-

tive of the estate. On February 22, 1982, Marion Furlinger, as personal representative, executed an oil and gas lease. The lease was recorded in Burke County. The lease listed Marion Furlinger's address as 2925 El Prado Blvd., Tampa, FL 33609. A petition for administration of Nanne C. Nickey's estate was filed in the Burke County Court on June 24, 1982. This document listed an address for Elsie Marion Furlinger as 2925 El Prado Blvd., Tampa, FL, and an address for Janet Hill as Rt. 1, 5 Grand Ave., Lake Zurich, Ill. By a July 8, 1982 personal representative's deed of distribution Elsie M. Furlinger and her sister, Janet Hill each received a one-half interest of the one-fourth mineral interest reserved by their mother. The 1982 personal representative's deed of distribution, recorded in Burke County, listed Elsie M. Furlinger's address as 2925 El Prado Blvd., Tampa, FL. The 1982 personal representative's deed of distribution did not include a zip code for Elsie M. Furlinger or an address for Janet Hill.

[¶ 4] In 2006 the Huebners' attorney began the process to claim the mineral rights by researching whether the subject minerals had been used. According to the Huebners' attorney, he was looking for any activity under the names Nanne C. Williams and Nanne Nickey. He discovered the 1982 personal representative's deed listing Elsie M. Furlinger and Janet Hill. The Huebners' attorney searched the Burke County Recorder's office, the Burke County Clerk's office and Westlaw's people search feature to locate addresses for Elsie M. Furlinger and Janet Hill.

[¶ 5] The Huebners' attorney testified he was unable to locate an address for Janet Hill. He testified he used Elsie M. Furlinger's address listed on the 1982 personal representative's deed to narrow his search for Janet Hill's address to Florida, where he located a Janet Hill. Ronald Huebner

also attempted to find addresses for Elsie M. Furlinger and Janet Hill but was unsuccessful. Ronald Huebner testified he researched a family history library, newspapers, books and Ancestory.com.

[¶ 6] The Huebners published notices of lapse of mineral interests in the Burke County paper on October 11, 18 and 25, 2006. On October 27, 2006, the Huebners mailed a copy of the notice of lapse of mineral interests to Elsie M. Furlinger at 2925 El Prado Blvd., Tampa, FL 33629. The Huebners' attorney testified he relied on the 1982 personal representative's deed to obtain an address for Elsie M. Furlinger. The address was supplemented by adding a zip code absent from the address on the 1982 personal representative's deed. The Huebners also mailed a copy of the notice of lapse of mineral interests to Janet Hill at Sun City Center, FL 33573.

[¶ 7] In 2009 the Huebners filed a quiet title action to perfect title to the mineral interests under the subject property. The Huebners served Elsie M. Furlinger and Janet Hill by publication. The district court entered a default judgment quieting title to the mineral interests to the Huebners. In 2011 Tim Moran and John Moran, as unknown heirs, devisees, and legatees of Elsie M. Furlinger and Janet Hill filed a motion to vacate the default judgment. The district court vacated the judgment, ruling the Huebners' service by publication was ineffective.

[¶ 8] The Morans answered the Huebners' complaint to quiet title and counterclaimed to quiet title to the mineral interests. A one-day bench trial was held. The district court entered an order on May 4, 2015, which was amended on May 21, 2015. The district court denied the Huebners' request to quiet title the mineral interests to them, finding they did not comply with the statutory requirements of N.D.C.C. ch. 38–18.1. On June 5, 2016 the district court

entered its findings of fact, conclusions of law and order for judgment and judgment, denying the Huebners request to quiet title and quieting title to the Morans. The Huebners appeal.

## II

[¶ 9] The Huebners argue the district court erred by determining they did not comply with chapter 38–18.1, N.D.C.C., and thus erred in denying their request to quiet title to mineral interests. "N.D.C.C. ch. 38–18.1 provides the procedure for a surface owner to succeed to the ownership of an abandoned mineral interest under the land." *Capps v. Weflen*, 2014 ND 201, ¶ 8, 855 N.W.2d 637. The method for providing notice of lapse of mineral interests is in N.D.C.C. § 38–18.1–06(1) and (2). *Id.* The parties agree the 2006 version of N.D.C.C. § 38–18.1–06 applies. Section 38–18.1–06, N.D.C.C., was amended in 2007 and 2009. *Sorenson v. Felton*, 2011 ND 33, ¶ 9, 793 N.W.2d 799. The amendments do not affect this case because the notices of lapse of mineral interest were sent in 2006, before the amendment went into effect. *See id.* ("Neither the 2007 nor the 2009 amendments were made retroactive.").

[¶ 10] The law applicable to this case provides:

"1. Any person intending to succeed to the ownership of a mineral interest upon its lapse shall give notice of the lapse of the mineral interest by publication.

"2. The publication provided for in subsection 1 must be made once each week for three weeks in the official county newspaper of the county in which the mineral interest is located; however, if the address of the mineral interest owner is shown of record or can be determined upon reasonable inquiry, notice must also be made by mailing a copy of the notice to the owner of the mineral interest within ten days after the last publication is made."

N.D.C.C. § 38–18.1–06(1) and (2) (2006). The district court found the Huebners did not comply with N.D.C.C. ch. 38–18.1 regarding Elsie M. Furlinger's interest because no evidence supported their contention the zip code they used to supplement Elsie M. Furlinger's address of record was the "correct" zip code, and they should have relied on the zip code listed on the address from the 1982 oil and gas lease. Regarding Janet Hill's interest, the district court found that the Huebners' argument they conducted a "reasonable inquiry" into Janet Hill's address failed because she did have an address of record.

## III

[¶ 11] The Huebners argue the district court erred in determining they did not comply with N.D.C.C. ch. 38–18.1 regarding Elsie M. Furlinger's interest. "The question of how to interpret and apply chapter 38–18.1, N.D.C.C., is a question of law; therefore, the standard of review is de novo." *Johnson v. Taliaferro*, 2011 ND 34, ¶ 9, 793 N.W.2d 804. No dispute exists that Elsie M. Furlinger's address of record was 2925 El Prado Blvd., Tampa, FL. The dispute hangs on the supplementing of a zip code, 33629, on Elsie M. Furlinger's address obtained from the 1982 personal representative's deed of distribution and the zip code of 33609 reflected on a 1982 oil and gas lease. The Huebners argue the only difference between the district court's purported address of record and the address they used to provide notice to Elsie M. Furlinger was the use of the "correct" zip code when supplementing the address listed on the 1982 personal representative's deed.

[¶ 12] The district court determined the Huebners did not comply with N.D.C.C. § 38–18.1–06(2) (2006), because nothing in the record supported their contention El-

sie M. Furlinger's address of record included the zip code 33629. The district court explained:

"Plaintiffs' argument fails for various reasons. First, the Personal Representative's Deed of Distribution does not include a zip code for Ms. Furlinger, thus, it is difficult to accept Plaintiffs' argument that the zip code on the deed was 'incorrect.' Second, as reflected in Ms. Furlinger's 1995 death certificate (Plaintiffs' Exhibit 15 herein), same was issued by the Florida State Registrar on August 28, 2008, two years *after* the 2006 lapse proceedings had been commenced. Therefore, Plaintiffs' argument that Ms. Furlinger's zip code was taken from the death certificate is inconsistent with the facts. Moreover, Plaintiffs' own witness, Attorney Wade Enget, testified he did not have access to Ms. Furlinger's death certificate at the time the lapse proceedings were commenced. Therefore, the Court cannot accept the Plaintiffs' argument that Attorney Enget relied on Ms. Furlinger's death certificate to obtain a zip code. Finally, as to Plaintiffs' argument that by Defendants' own admissions in discovery (Plaintiffs['] Exhibit 14 herein), same also fails, as seeking discovery of the Defendants' knowledge, information and recollection does not equate to information concerning Ms. Furlinger's address *of record*."

[¶ 13] The district court further reasoned the Huebners should have relied on the March 1982 oil and gas lease executed by Marion Furlinger, explaining:

"Plaintiffs still cannot overcome the fact that the oil and gas lease executed by Marion Furlinger, which included Ms. Furlinger's address, was recorded in the Burke County Recorder's office on March 17, 1982. Although the oil and gas lease reflects Marion, <u>not</u> Elsie M. Furlinger, the Plaintiffs cannot ignore the fact that said lease involved minerals in the South One–Half (S½) of Section 8, Township 163 North, Range 91 West, Burke County, North Dakota and that said lease was executed by Marion Furlinger, as personal representative of the Nanne C. Nickey estate. Thus, it is the Court's belief that the act of recording the 1982 oil and gas [lease] in the Burke County Recorder's office made Ms. Furlinger's full address, inclusive of her zip code, 'of record.'"

[¶ 14] The Huebners first argue the district court erred because no testimony established Elsie M. Furlinger and Marion Furlinger are the same person. The Morans contend the documents themselves establish Marion Furlinger and Elsie M. Furlinger are the same person because the names are similar, the address is similar and both documents are signed as the personal representative of the same estate.

[¶ 15] Under the doctrine of constructive notice: "[e]very person who has actual notice of circumstances sufficient to put a prudent person upon inquiry as to a particular fact and who omits to make such inquiry with reasonable diligence is deemed to have constructive notice of the fact itself." N.D.C.C. § 1–01–25.

[¶ 16] In the context of docketing judgments and liens on real property, this Court has not afforded constructive notice when documents have included similar but not exact names. In *Breyer v. Gale*, 53 N.D. 439, 207 N.W. 46, 47 (1925), a judgment docketed against A.N. Pearson did not provide constructive notice of a lien on real property in the names of Nels Pearson, Nels Pehrson or Andrew Pehrson. In *Breyer*, fee title to land was recorded in the name of Nels Pearson. *Id.* at 46. A judgment regarding the land later was docketed in the name of A.N. Pearson. *Id.* Later probate proceedings on the land in question used the name Nels Pehrson and

Andrew Pehrson. The defendants argued that because the title to the land was at one time vested in the name of Nels Pearson and probate proceedings later used the name Nels Pehrson, the names appeared to be used interchangeably, thus "it was therefore the duty of one searching the record to consider as possible or probable liens upon the property any judgment docketed against a person spelling his surname 'Pearson.'" *Id.* at 47. This Court rejected this argument, reasoning: "[t]he plaintiff was required to search the record for liens upon the property of Nels Pearson; a judgment of record against A.N. Pearson would cast no duty upon him to make inquiry in order to ascertain whether the lien of that judgment was, in fact, a lien upon the property of Nels Pearson." *Id.* Thus, this Court held a judgment docketed in the name of A.N. Pearson did not afford constructive notice of a lien on real property in the names of Nels Pearson, Nels Pehrson or Andrew Pehrson. *Id.; see also Turk v. Benson*, 30 N.D. 200, 152 N.W. 354, 355 (1915) (holding a judgment docketed under the name of William J. Rideout did not provide constructive notice of a lien upon property owned by William G. Rideout).

[¶ 17] The district court here noted the oil and gas lease listed Marion Furlinger and not Elsie M. Furlinger, but determined the Huebners should have relied on the lease because the lease involved the same minerals in question and was executed by the personal representative of the estate of Nanne C. Nickey. Although the names are similar, the addresses are substantially the same (absent the zip code) and the documents are signed by the personal representative of the estate of Nanne C. Nickey, the record is devoid of evidence that Marion Furlinger and Elsie M. Furlinger are the same person. Similar to our case law declining to apply the doctrine of constructive notice to docketed judgments

and liens with similar but not exact names, the 1982 oil and gas lease and the 1982 personal representative's deed contained similar but not exact names. We cannot hold as a matter of law that Marion Furlinger and Elsie M. Furlinger are one and the same. Therefore, the district court erred in finding the 1982 oil and gas lease executed by Marion Furlinger should have been relied on for the address of record for Elsie M. Furlinger.

[¶ 18] The Huebners further argue the district court's focus on the lease is misplaced because the address listed for Marion Furlinger would not lead to a different result. The Huebners contend the address found on the oil and gas lease and the address found on the personal representative's deed are the same except the oil and gas lease included the zip code 33609 and the personal representative's deed did not include a zip code. The Huebners assert the zip code, 33629, used in supplementing the address to send notice is the "correct" zip code. The Huebners also argue the March 1982 oil and gas lease is not the most recent document of record.

[¶ 19] The phrase "the address of record" means "a surface owner must send notice to the most recent address of record in order to comply with N.D.C.C. § 38–18.1–06(2) (2004)." *Nelson v. McAlester Fuel Co.*, 2017 ND 49, ¶ 18, 891 N.W.2d 126. In *Nelson* two different addresses of record existed. *Id.* at ¶ 16. The surface owner sent notice of lapse to the older of the two addresses. *Id.* We held the surface owner failed to comply with N.D.C.C. § 38–18.1–06(2) because the surface owner did not send notice to the most recent address of record. *Id.*

■ [¶ 20] Here, the 1982 personal representative's deed is the most recent address of record. However, it does not include a zip code. The issue in this case is

whether a surface owner complies with the notice requirements of N.D.C.C. § 38–18.1–06(2) (2006) by supplementing an address of record with a zip code.

[¶ 21] " 'The abandoned mineral statutes do not require any judicial action before a mineral interest is deemed to have lapsed. Compliance with the statutory procedure is all that is required.' " *Nelson v. McAlester Fuel Co.*, 2017 ND 49, ¶ 17, 891 N.W.2d 126 (quoting *Capps v. Weflen*, 2014 ND 201, ¶ 22, 855 N.W.2d 637). To comply with the applicable version of N.D.C.C. § 38–18.1–06(2), "if the address of the mineral interest owner is *shown of record* ... notice must also be made by mailing a copy of the notice to the owner of the mineral interest within ten days after the last publication is made." (Emphasis added). We interpret the phrase "shown of record" to require the surface owner to send notice to the address as its appears in the recorded document.

[¶ 22] Under our construction, the Huebners were required to send notice to Elsie M. Furlinger's address as it appeared on the record. Elsie M. Furlinger's address as it appeared on the record did not include a zip code. The Huebners supplemented the address to include a zip code, which they contend is the "correct" zip code.

[¶ 23] The Huebners argue this case is similar to *Johnson v. Taliaferro*, 2011 ND 34, 793 N.W.2d 804. In *Taliaferro*, a lease identified the mineral interest owner's address as "510 Petroleum Building, 451 Pine St., Abilene, TX." *Id.* at ¶ 4. The surface owners mailed copies of the notice of lapse of mineral interest to "510 Petroleum Building, 451 Pine St., Abilene, TX 79601–5150." *Id.* at ¶ 5. The street address was identified through an internet search and the zip code was found using the United States Postal Service internet site. *Id.* The Huebners argue that, although the completeness of the address was not material

to the holding in *Taliaferro*, this Court made no indication the surface owner's search to complete the address of record was inappropriate or contrary to the statutory requirements.

[¶ 24] Unlike in *Taliaferro* where evidence established that the information came from internet searches, no evidence exists here establishing how or why the supplemented zip code was chosen to complete the address. Moreover, no evidence exists supporting a conclusion that the zip code the Huebners supplemented the address with was the "correct" zip code, or whether an omitted zip code would make a difference. By not mailing notice to the address, as it appears in the record, the mailing requirements of N.D.C.C. § 38–18.1–06(2) (2006) were not complied with. This analysis is supported by our conclusion in *Capps v. Weflen*, 2014 ND 201, ¶ 10, 855 N.W.2d 637, that "the address of record need not be the mineral interest owner's correct address for the mailing of the notice of lapse to satisfy the statutory requirement." "There is nothing 'absurd' about this result 'because [the mineral owner and her heirs] would have received notice if [they] had kept [the mineral owner's] address of record current.' " *Id.* (quoting *Sorenson v. Felton*, 2011 ND 33, ¶ 14, 793 N.W.2d 799).

[¶ 25] Based on this record, the mailing requirement of N.D.C.C. § 38–18.1–06(2) was not complied with and the district court did not err in so finding.

## IV

[¶ 26] The Huebners argue the district court erred in determining they did not comply with N.D.C.C. ch. 38–18.1 regarding Janet Hill's interest. The Huebners express confusion with the district court's conclusion, asserting it is unclear whether the district court found they did

not comply with N.D.C.C. ch. 38–18.1 because they did not send notice to an address of record when there was one, or because they did not conduct a reasonable inquiry as required by the statute when an address is not shown of record.

[¶ 27] In finding the Huebners did not comply with the notice of lapse statute regarding Janet Hill's interest, the district court stated:

"Although Plaintiffs argue efforts to contact Ms. Hill at her last known address, that being Sun City Center, Florida, were made, there is nothing in the record to indicate that Ms. Hill ever lived in Sun City, Florida. Rather, as reflected in the quit claim deed recorded in the Burke County Registers of Deeds office on January 7th 1952, Defendants' Exhibit J herein, Ms. Hill's address was identified as Chicago, Illinois. Additionally, Ms. Hill's address of Rt. 1, 5 Grand Ave., Lake Zurich, Ill. was identified in Defendant's Exhibit X, Petition for Administration, filed with the Burke County Clerk of Court on June 24, 1982. "Although the Plaintiffs and the Defendants agree there is little guidance as to what constitutes a 'reasonable inquiry,' the Plaintiffs cannot ignore the fact that information concerning Ms. Hill's address was on file not only in the clerk of court's office but also in the Burke County Recorder's office. Thus, Plaintiffs' arguments that Ms. Hill's address was not of 'record' and that reasonable efforts to locate Ms. Hill were undertaken both fail."

[¶ 28] Our review of an appeal from a bench trial is whether the findings of fact are clearly erroneous. *Tormaschy v. Tormaschy*, 1999 ND 131, ¶ 11, 596 N.W.2d 337. "A finding of fact is clearly erroneous only if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, upon review of the entire evidence, we are left with a definite and firm conviction a mistake has been made." *Id.*

[¶ 29] The district court found Janet Hill's address was shown of record, stating: "[the Huebners] cannot ignore the fact that information concerning Ms. Hill's address was on file not only in the clerk of court's office but also in the Burke County Recorder's office." The district court found a quit claim deed recorded in the Burke County Registers of Deeds office on January 7, 1952, provided Janet Hill's address as Chicago, Illinois. The district court further found Janet Hill's address of record was shown in a petition for administration, filed in the Burke County Clerk of Court's office on June 24, 1982, as Rt. 1, 5 Grand Ave., Lake Zurich, Ill.

[¶ 30] The Huebners argue the district court's reliance on a quit claim deed recorded in 1952 places an unreasonable burden on the surface owner to search for extremely dated deeds when more recent documents are of record. The Huebners contend the deed does not appear in the tract index and was only located because it appeared in an abstract of title, to which they did not gain access until 2012. The Huebners argue it was reasonable to rely on the more recent 1982 personal representative's deed that contained Elsie M. Furlinger's name and address, and listed Janet Hill's name but did not contain an address, to conclude Janet Hill's address was not shown of record.

[¶ 31] The Huebners argue it is reasonable to rely on the most recent document that does not contain an address of record to conclude a mineral owner does not have an address of record. Although we recently held in *Nelson v. McAlester Fuel Co.*, 2017 ND 49, ¶ 18, 891 N.W.2d 126, that the version of N.D.C.C. § 38–18.1–06(2) applicable here requires the surface owner to send notice to the most recent address of

record, the 1982 personal representative's deed relied on by the Huebners did not contain an address for Janet Hill. The Huebners' argument therefore is misplaced because the district court found Janet Hill's address was shown of record. Because we agree an address is shown on the record, it does not matter that a later document exists that does not contain an address.

[¶ 32] The Huebners next argue the district court erred in relying on the 1982 petition for administration to find Janet Hill's address of record as Rt. 1, 5 Grand Ave., Lake Zurich, Ill. Sufficient evidence supports the district court's finding Janet Hill's address was shown of record without reliance on information in the petition for administration. Thus, the district court's finding is not clearly erroneous. Because the district court's finding that Janet Hill's address was shown of record is not clearly erroneous, we need not address the Huebners' arguments that they conducted a reasonable inquiry.

V

[¶ 33] We affirm the district court's findings of fact, conclusions of law and order for judgment and judgment denying the Huebners' request to quiet title mineral interests.

[¶ 34] Daniel J. Crothers

Carol Ronning Kapsner

Lisa Fair McEvers

Jerod E. Tufte

Gerald W. VandeWalle, C.J.